# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3979

_____

Linda K. Reynolds,                          *
                                            *
            Appellant,                      *
                                            *   Appeal from the United States
      v.                                    *   District Court for the
                                            *   Eastern District of Missouri.
Jo Anne B. Barnhart,                        *
Commissioner of Social Security,            *        [UNPUBLISHED]
                                            *
            Appellee.                       *

_____

Submitted: June 10, 2002

Filed: June 14, 2002

_____

Before RILEY, BEAM, and MELLOY, Circuit Judges.

_____

PER CURIAM.

The Commissioner of Social Security (Commissioner) denied the application Linda Reynolds (Reynolds) filed for disability benefits, and the district court[1] upheld the Commissioner's decision to deny benefits. Reynolds appeals, and we affirm.

_____

[1]The Honorable Thomas C. Mummert III, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was referred for final disposition by consent of the parties, pursuant to 28 U.S.C. § 636(c)(1).

After a hearing on Reynolds's application for benefits, an administrative law judge (ALJ) determined that Reynolds had "some degenerative changes of the lumbar spine" and was "moderately depressed." He found that Reynolds is "restricted to the performance of light work activity," with "the capacity to frequently lift ten pounds and occasionally lift up to twenty pounds." He also found that, due to pain in her lower back, Reynolds needs to alternate positions between sitting and standing approximately every half hour. Although the ALJ found Reynolds was unable to perform her past relevant work as a home care aide, line worker, and security guard, the ALJ found, based upon a vocational expert's testimony, that a person with Reynolds's restrictions could work in certain other line-worker jobs, and as an inspector, packer, cashier, and gatekeeper. Relying on the vocational expert's testimony, the ALJ denied Reynolds's claim. His decision was affirmed by the Commissioner through an administrative appeal.

Reynolds challenged the Commissioner's decision in the district court, and the district court ruled in favor of the Commissioner. On appeal from that decision, Reynolds claims (1) the ALJ's hypothetical was "vague and ill-defined"; (2) the ALJ failed to articulate the facts that supported his conclusions; and (3) the vocational expert's testimony "was in unexplained conflict with the Dictionary of Occupational Titles (DOT)." See 20 C.F.R. § 404.1566(d)(1).

We must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. See Roberts v. Apfel, 222 F.3d 466, 467 (8th Cir. 2000). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. See id. Having reviewed the record and the ALJ's written opinion, we find substantial evidence to support the Commissioner's decision to deny benefits.

Contrary to Reynolds's argument, the ALJ adequately described Reynolds's limitations in the hypothetical he addressed to the vocational expert. The ALJ found

that Reynolds has the ability to perform a full range of light work, with a few limitations. After he explained these limitations to the vocational expert, the ALJ did not need to embark on a detailed discussion of the abilities Reynolds retained. In addition, based on our review of the ALJ's written opinion, we find he adequately set forth the evidentiary basis for his conclusions.

Finally, we see no conflict between the vocational expert's testimony and the DOT. It is true the Commissioner cannot rely on expert testimony that conflicts with the job classifications in the DOT unless there is evidence in the record to rebut those classifications. See Porch v. Chater, 115 F.3d 567, 572 (8th Cir. 1997). In this case, the vocational expert provided additional information about certain jobs listed in the DOT, namely, whether those jobs allowed workers to alternate between sitting and standing. The vocational expert's testimony did not contradict any information in the DOT; rather, it served as a supplement to that information. The ALJ was entitled to accept the expert's testimony and to base his decision upon it.

Because there is substantial evidence in the record to support the ALJ's decision, we affirm the judgment of the district court. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-